%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_Southern_ District of _New York_

MUR SHIPPING B.V.

V.

TMT BULK COMPANY LTD.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CIV. 7708

TO: (Name and address of Defendant)

TMT BULK COMPANY LTD.
2F., No. 126. Sec. 1, JianGuo N. Rd.
Zhongshan District, Taipei City 104
Taiwan

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE    SEP 03 2008

08 CIV 7708

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
MUR SHIPPING BV,                              08 Civ.

           Plaintiff,
                                         **VERIFIED COMPLAINT**
-against-

TMT BULK COMPANY LTD,

           Defendant.
----------------------------------x

    PLEASE TAKE NOTICE that Plaintiff MUR SHIPPING BV (hereinafter "MUR"), by its attorneys MAHONEY & KEANE, LLP., for its Verified Complaint against Defendant TMT BULK COMPANY LIMITED (hereinafter "TMT BULK"), alleges upon information and belief as follows:

    1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff MUR was and still is a business entity duly organized and existing under the laws of a foreign country with an address at Atrium Building, Strawinskylaan, 3011, NL 10077 ZX, Amsterdam, The Netherlands.

3. At all times relevant hereto, Defendant TMT BULK was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at China.

4. On or about July 15, 2008, Plaintiff MUR, in its capacity as disponent owner of the M/V OCEAN MORNING, entered into a charter party with Defendant TMT BULK under which hire at the rate of $60,550 per day was payable to Plaintiff 15 days in advance.

5. The vessel was duly delivered to Defendant TMT BULK on July 18, 2008 and the voyages are being performed.

6. TMT BULK currently owes MUR $863,557.46 in outstanding hire.

7. In breach of the terms of the charter party, and despite due demand, Defendant TMT BULK has refused or otherwise failed to pay the amount due and outstanding and the full amount of $863,557.46 remains due and owing.

8. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

9. Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

10. Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration with Defendant, accordingly.

11. This action is brought to obtain security in favor of Plaintiff MUR in respect to its claims against Defendant and in aid of the London Arbitration proceedings.

12. This action is further brought to obtain security for the additional sums which are recoverable including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

13. As a result of Defendants' breach of the agreement, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $863,557.46 |
| Interest (for a period of yrs at 7.5%) | 134,391.13 |
| Attorneys' and Expert's Fees, Arbitration Expenses | 225,000.00 |
| **Total** | **$1,222,948.59** |

14. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

15. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed

16. ICAP HYDE LTD. a/k/a ICAPHYDE LTD. is an entity which acts in the capacity of an agent and/or manager and/or paying agent of Defendant TMT BULK and receives, holds and/or transfers assets for and on behalf of Defendant TMT BULK.

17. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

18. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and

attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase,

Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,222,948.59** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

    C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

    D.    That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, NY
            September 3rd, 2008

                      Respectfully submitted,

                      MAHONEY & KEANE, LLP
                      Attorneys for Plaintiff
                      MUR SHIPPING B.V.

By:    _____
        Edward A. Keane (EK 1398)
        11 Hanover Square, Tenth Floor
        New York, New York 10005
        Tel. (212) 385-1422
        Fax. (212) 385-1605
        <u>File No. 12/3647/B/08/9</u>

ATTORNEY VERIFICATION

STATE OF NEW YORK   :
                    : SS.:
COUNTY OF NEW YORK  :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, MUR SHIPPING B.V. ("MUR") and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York
       September 3rd, 2008

_____
EDWARD A. KEANE (EK 1398)

File No. 12/3647/B/08/9                    7